**NOT FOR PUBLICATION**

OCT 26 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDELYN RUZON BAULA, | No. 08-74454 |
| Petitioner, | Agency No. A070-139-220 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Edelyn Ruzon Baula, a native and citizen of the Philippines, petitions for
review of the Board of Immigration Appeals' ("BIA") order denying her motion to
reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Reviewing for abuse of discretion, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Baula's motion to reopen as untimely where the motion was filed more than a year after the BIA's February 28, 2007, order, *see* 8 C.F.R. § 1003.2(c)(2), and she failed to demonstrate that she was eligible for an exception to the regulatory limitations based on changed circumstances, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 992 (petitioner seeking to reopen based on changes in country conditions must "provide evidence linked to her particular circumstances").

Baula's contentions that the BIA did not consider her evidence and did not adequately address her evidence or claims fail because Baula has not overcome the presumption that the BIA reviewed the submitted evidence, *see Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir.2000), and the BIA's decision was supported by the record and sufficiently reasoned for the court to review, *see Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995).

To the extent Baula challenges the agency's previous orders, we lack jurisdiction because this petition is not timely as to those orders. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

08-74454

We also lack jurisdiction to consider whether the BIA should have invoked its sua sponte authority to reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

Baula's contention that the BIA engaged in improper fact-finding is unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

08-74454